UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SARAH PHILLIPS,

    Plaintiff,

v.                                    Case No: 8:24-cv-01181-MSS-TGW

CRACKER BARREL OLD
COUNTRY STORE, INC.,

    Defendant.

_____

## ORDER

**THIS CAUSE** comes before this Court for consideration of Plaintiff's Motion to Remand, (Dkt. 8), Plaintiff's Amended Motion to Remand, (Dkt. 10), and Defendant's response in opposition. (Dkt. 12) Plaintiff seeks to remand this matter to state court because Plaintiff asserts Defendant's Notice of Removal, (Dkt. 1), is untimely. Specifically, Plaintiff asserts Defendant filed its Notice of Removal more than one year after Plaintiff commenced the action, and Defendant fails to establish Plaintiff acted in bad faith to prevent Defendant from removing the action. See 28 U.S.C. § 1446(c)(1).

Defendant, on the other hand, asserts the matter was not removable until Defendant received Plaintiff's interrogatory answers, which Plaintiff, in bad faith, delivered after the deadline for doing so under the Florida Rules of Civil Procedure and after one year had passed since Plaintiff commenced the action. Defendant also contends Plaintiff's allegations in the Amended Complaint exhibit a deliberate evasion

of stating the true amount in controversy. Defendant asks that, for purposes of calculating the one-year period for removal, this Court recognize an "equitable stay" of the proceedings to coincide with the state court's stay. Upon consideration of the case law, all relevant filings, and the equities of the parties, the Court **GRANTS** Plaintiff's Motions to Remand.

I. Background

Plaintiff commenced this negligence action in the Thirteenth Judicial Circuit Court in and for Hillsborough County, Florida, on March 23, 2023. (Dkt. 1) The Complaint did not name a legal entity as a defendant; rather, the Complaint named "Jane Doe" and "Cracker Barrel." (Id. at 44) In the Complaint, Plaintiff estimated the value of her claim is $50,001, and stated the "actual value of Plaintiff's claim will be determined by a fair and just jury[.]" (Id.)

On April 24, 2023, the state court stayed the case pursuant to an administrative order of the Chief Judge of the Thirteenth Judicial Circuit.[1] (Id. at 53) According to this order, the deadline for Plaintiff to serve process was stayed, (id. at 54), and the stay would automatically expire on January 1, 2024. (Id. at 53) On April 28, 2023, Plaintiff moved for relief from the stay, but the court never ruled upon the motion. (Id. at 56–58; id. at 40) After the stay expired, Plaintiff filed an Amended Complaint on January 8, 2024 which named Defendant Cracker Barrel Old Country Store, Inc. and "Jane or John Doe, as General Manager." (Id. at 61)

---

[1] Administrative Order S-2023-019.

On January 22, 2024, Defendant was served with the Amended Complaint, and Plaintiff dropped "Jane or John Doe" from the action. (Id. at 40) On February 5, 2024, Defendant served Plaintiff with interrogatories. (Id. at 5) Although Plaintiff's answers to the interrogatories were due on March 6, 2024, see Fla. R. Civ. P. 1.340, Plaintiff did not serve her answers until April 22, 2024. (Id. at 40; id. at 5) In answer to an interrogatory that asked Plaintiff to list "each item of expense or damage, other than loss of income or earning capacity, that you claim to have incurred as a result of the incident described in the complaint," Plaintiff indicated she incurred medical expenses totaling over $200,000.00. (Id. at 6–7) Plaintiff objected to an interrogatory which asked whether Plaintiff suffered damages in excess of $75,000.00. (Id. at 7–8) Plaintiff stated the request invades the province of the jury and seeks information covered by the attorney-client and work product privileges. (Id. at 8)

Defendant removed the case to federal court on May 15, 2024. (Id. at 1)

**II.    Legal Standard**

A party seeking removal must present facts which establish its right to remove. Friedman v. N.Y. Life Ins. Co., 410 F.3d 1350, 1353 (11th Cir. 2005). The party must prove federal jurisdiction exists by a preponderance of the evidence, or the case will be remanded. Id.; Williams v. Best Buy Co., 269 F.3d 1316, 1321 (11th Cir. 2001).

Generally, a defendant may remove a civil action filed in state court if a federal court would have had original jurisdiction over the case. 28 U.S.C. § 1441(a). A district court has original jurisdiction over cases in which the parties' citizenship is diverse and "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest

3

and costs." Id. at § 1332(a). A notice of removal must be filed within thirty days after the defendant receives some "paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3). Additionally, "[a] case may not be removed under subsection (b)(3) on the basis of [diversity jurisdiction] more than 1 year after commencement of the action, unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action." Id. at § 1446(c)(1).

### III. Analysis

For removal to be proper in this case, Defendant must have removed the action within thirty days of receiving notice that the case was removable, 28 U.S.C. § 1446(b)(3), and within one year of the date Plaintiff filed her suit, unless Defendant shows Plaintiff acted in bad faith to prevent removal. Id. at § 1446(c)(1).[2] The Parties do not dispute that complete diversity exists between the Parties, and Plaintiff does not assert that the amount in controversy falls below the jurisdictional threshold.

#### a. Timeliness Under 28 U.S.C. § 1446(b)(3)

Defendant's Notice of Removal is timely under 28 U.S.C. § 1446(b). Section 1446(b)(3) states, "[I]f the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant . . . of a copy of an amended pleading, motion, order or other paper from which it may first be

---

[2] "To determine when an action 'commences' for purposes of § 1446(c), a court looks to the law of the forum state in which the action originated." Cameron v. Teeberry Logistics, LLC, 920 F. Supp. 2d 1309, 1312 (N.D. Ga. 2013). Under Florida law, civil actions commence when the complaint is filed. Fla. R. Civ. P. 1.050.

4

ascertained that the case is one which is or has become removable." Plaintiff asserts the time for Defendant to file its notice of removal began on January 22, 2024, when Defendant was served with the Amended Complaint and Jane or John Doe, as General Manager, was dropped from the action. (Dkt. 10 at 4) Plaintiff argues that at this time, "it may have been . . . ascertained that [] this personal injury lawsuit between diverse parties alleging severe injuries, along with pain and suffering, is one which is or has become removable[.]" (Id.) Defendant responds that in the Amended Complaint, Plaintiff estimated the value of her claim as $50,000. (Dkt. 12 at 13) Defendant further argues, "Until Defendant received Plaintiff's [interrogatory answers] on April 22, 2024, Defendant did not possess evidence to establish that the amount in controversy exceeded the jurisdictional threshold of this Court or the state of Plaintiff's citizenship necessary for diversity." (Id. at 14–15)

Defendant was entitled to rely upon the allegations in the Amended Complaint as to the damages Plaintiff sought until Defendant received "'unambiguous' notice" that Plaintiff valued the case for an amount above $75,000.00. Cameron, 920 F. Supp. 2d at 1315 (quoting Lowery v. Ala. Power Co., 483 F.3d 1184, 1215 n.63 (11th Cir. 2007)) (citing Burns v. Windsor Ins. Co., 31 F.3d 1092, 1095 (11th Cir. 1994)). In the Amended Complaint, Plaintiff estimated the value of her claim as $50,000. (Dkt. 1 at 61) Plaintiff alleged the stated amount "is for *jurisdictional purposes only*," and the "actual value of Plaintiff's claim will be determined by a fair and just jury[.]" (Id.) (emphasis in original) In the conclusion of the Amended Complaint, Plaintiff demanded a "judgment in excess of $50,000[.]" (Id. at 67) The Amended Complaint

5

did not give Defendant unambiguous notice that the value of Plaintiff's claims exceeded $75,000; thus, the Amended Complaint was not a pleading "from which it may first be ascertained that the case" is removable. 28 U.S.C. § 1446(b).

Defendant received its first unambiguous notice that the case was removable when it received Plaintiff's interrogatory answers. Interrogatory answers constitute "other paper[s]" from which removability may be ascertained under § 1446(b)(3). Lowery, 483 F.3d at 1212 n.62. Plaintiff's answers indicate Plaintiff incurred medical expenses in excess of $200,000 as a result of the alleged accident. Consequently, the thirty-day period to remove the case began to run on April 22, 2024, the date Defendant was served with Plaintiff's answers. Defendant's Notice of Removal, filed on May 15, 2024, is therefore timely under 28 U.S.C. § 1446(b).

### b. Timeliness Under 28 U.S.C. § 1446(c)(1)

Defendant's Notice of Removal is untimely under 28 U.S.C. § 1446(c)(1) because it was filed more than one year after this case was commenced and the Court does not find Plaintiff acted in bad faith to prevent removal. Section 1446(c)(1) states, "A case may not be removed under subsection (b)(3) on the basis of [diversity jurisdiction] more than 1 year after commencement of the action, unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action." "If the notice of removal is filed more than 1 year after commencement of the action and the district court finds that the plaintiff deliberately failed to disclose the actual amount in controversy to prevent removal, that finding shall be deemed bad faith under paragraph (1)." Id. at 1446(c)(3)(B). This action

6

commenced on March 23, 2023, and Defendant removed the action on May 15, 2024, more than one year later. Plaintiff asserts she has not acted in bad faith because the initial failure to name a legal entity was inadvertent and would have been corrected earlier if not for the state court's stay order. (Dkt. 10 at 5) Plaintiff further states her interrogatory answers "were unintentionally, and certainly not in bad faith, filed after the" deadline under the Florida Rules of Civil Procedure. (Id.) Defendant, on the other hand, argues Plaintiff's initial failure to name a legal entity and failure to timely respond to Defendant's interrogatories exhibit bad faith. (Dkt. 12 at 15–18)

The state court's stay of proceedings resulted in the time crunch Defendant experienced in its attempt to remove this case. Notably, the Administrative Order, which mandated the stay, was entered in response to litigants flooding the state court with negligence actions in March 2023.[3] Presumably, these plaintiffs sought to avoid the application of Florida's new tort reform legislation to their cases. The tort reform legislation became effective on March 24, 2023,[4] one day after this case was filed. The Court questions whether Plaintiff's initial naming of non-legal entity "Cracker Barrel" as a defendant was, as Plaintiff asserts, "inadvertent," rather than a place-holding tactic to commence an action prior to the effective date of the reform legislation. Plaintiff provides no explanation for filing this case prior to conducting a simple

---

[3] In March 2023, 280,122 new cases were initiated in Florida's statewide E-Portal Filing System. Patrick R. Fargason, *Comprehensive Tort Reform Spurs Records Filings*, THE FLORIDA BAR NEWS (Apr. 6, 2023), https://www.floridabar.org/the-florida-bar-news/comprehensive-tort-reform-spurs-record-filings/. 53,000 of these cases were filed in Hillsborough County. Id.
[4] Id.

investigation to discover Defendant's legal name. Nonetheless, the record does not support a conclusion that the initial nine-month delay of the Parties' opportunity to engage in jurisdictional discovery is attributable to a bad-faith attempt by Plaintiff to avoid removal. See Lopez v. Robinson Aviation, Inc., No. 10–60241, 2010 WL 3584446, at *3 (S.D. Fla. Apr. 21, 2010) (noting possible rare circumstances in which there is "modest curtailment in access to diversity jurisdiction contemplated by § 1446(b)").

Furthermore, the record does not indicate Plaintiff deliberately failed to disclose the actual amount in controversy to prevent removal. While Plaintiff alleged only that she estimated her damages to exceed $50,000 in the Amended Complaint, this allegation was a jurisdictional demand. Defendant does not explain why Defendant could not ascertain the amount in controversy prior to the close of the one-year period for removal. Moreover, the Court declines to hold that Plaintiff's delay in serving interrogatory answers by about six weeks constitutes bad faith. Although these answers contained the first indication that Plaintiff's damages exceeded the threshold required for federal jurisdiction, the record does not indicate Plaintiff deliberately delayed their service on Defendant to prevent removal. 28 U.S.C. § 1446(c)(3)(B); see also Hill, 51 F. Supp. 3d at 1283–84.

Therefore, the Court finds remand is warranted.

Accordingly, it is hereby **ORDERED** that Plaintiff's Motions to Remand, (Dkts. 8 and 10), are **GRANTED**.

8

**DONE** and **ORDERED** in Tampa, Florida, this 29th day of July 2024.

MARY S. SCRIVEN
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel of Record
Any Unrepresented Person